

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and
DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU
HELP OTHERS, a California public benefit
corporation,

     Plaintiffs,

v.

THE CHEESE STEAK SHOP, INC., a
California corporation; and 1048, INC., a
California corporation,

     Defendants.

CASE NO.
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3    corporation (hereinafter sometimes referred to as "DREES"), complain of defendants THE

4    CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California

5    corporation, and allege as follows:

6    **INTRODUCTION:**

7        1.      This is a civil rights action for discrimination against persons with physical

8    disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9    members, for failure to remove architectural barriers structural in nature at defendants' CHEESE

10    STEAK SHOP, a place of public accommodation, thereby discriminatorily denying plaintiffs and

11    the class of other similarly situated persons with physical disabilities access to, the full and equal

12    enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13    accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the

14    Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15    51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16        2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17    October 16, 2006 and February 22, 2007, was an invitee, guest, patron, customer at defendants'

18    1048 COMMERCIAL BUILDING of which the CHEESE STEAK SHOP, Sari Boutique and Pet

19    Emergency Service are tenants, in the City of Berkeley, California. At said times and place,

20    defendants failed to provide proper legal access to the CHEESE STEAK SHOP (and other public

21    accommodations: Sari Boutique and Pet Emergency Services, which are "public

22    accommodation" and/or a "public facility" including, but not limited to signage, parking, access

23    aisle, path of travel, entrance and restroom. The denial of access was in violation of both federal

24    and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil

25    rights to full and equal access, and was embarrassed and humiliated.

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | **JURISDICTION AND VENUE:**

2 |      3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 | §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 | Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 | nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 | California law, whose goals are closely tied with the ADA, including but not limited to violations
7 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 | *seq.*, including §19959; Title 24 California Building Standards Code.

9 |      4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 | founded on the facts that the real property which is the subject of this action is located at/near
11 | 1054 University Avenue, in the City of Berkeley, County of Alameda, State of California, and
12 | that plaintiffs' causes of action arose in this county.

13 | **PARTIES:**

14 |      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 | disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 | disabled", "physically handicapped" and "person with physical disabilities" are used
17 | interchangeably, as these words have similar or identical common usage and legal meaning, but
18 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
20 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 | CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 | and United States laws. Plaintiff is a paraplegic. Plaintiff CRAIG YATES requires the use of a
23 | wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 | portion of the public whose rights are protected by the provisions of Health & Safety Code
25 | §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 | Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 | Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 | §12101, *et seq.*

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3   with persons with disabilities to empower them to be independent in American society. DREES

4   accomplishes its goals and purposes through education on disability issues, enforcement of the

5   rights of persons with disabilities, and the provision of services to persons with disabilities, the

6   general public, public agencies and the private business sector. DREES brings this action on

7   behalf of its members, many of whom are persons with physical disabilities and whom have

8   standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10   and invitees at the subject 1048 COMMERCIAL BUILDING and CHEESE STEAK SHOP, and

11   that the interests of plaintiff DREES in removing architectural barriers at the subject 1048

12   COMMERCIAL BUILDING advance the purposes of DREES to assure that all public

13   accommodations, including the subject CHEESE STEAK SHOP, are accessible to independent

14   use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is

15   purely statutory in nature.

16    8.    Defendants THE CHEESE STEAK SHOP, INC., a California corporation; and

17   1048, INC., a California corporation, (hereinafter alternatively collectively referred to as

18   "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

19   lessors and/or lessees, of the public accommodation known as 1048 COMMERCIAL

20   BUILDING and CHEESE STEAK SHOP, located at/near 1054 University Avenue, Berkeley,

21   California, or of the building and/or buildings which constitute said public accommodation.

22    9.    At all times relevant to this complaint, defendants THE CHEESE STEAK SHOP,

23   INC., a California corporation; and 1048, INC., a California corporation,, own and operate in

24   joint venture the subject 1048 COMMERCIAL BUILDING and CHEESE STEAK SHOP as a

25   public accommodation. This business is open to the general public and conducts business

26   therein. The business is a "public accommodation" or "public facility" subject to the

27   requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955,

28   *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1          10.    At all times relevant to this complaint, defendants THE CHEESE STEAK SHOP,

2    INC., a California corporation; and 1048, INC., a California corporation, are jointly and severally

3    responsible to identify and remove architectural barriers at the subject pursuant to Code of

4    Federal Regulations title 28, section 36.201(b), which states in pertinent part:

5            **§ 36.201    General**

6                 (b) *Landlord and tenant responsibilities*  Both the landlord
             who owns the building that houses a place of public
7            accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
8            requirements of this part.  As between the parties, allocation of
             responsibility for complying with the obligations of this part may
9            be determined by lease or other contract.

10           28 CFR §36.201(b)

11   **PRELIMINARY FACTUAL ALLEGATIONS:**

12         11.    The 1048 COMMERCIAL BUILDING and CHEESE STEAK SHOP, is located

13   at/near 1054 University Avenue, Berkeley, California.  The 1048 COMMERCIAL BUILDING is

14   a public accommodation comprised of the following tenants: CHEESE STEAK SHOP, Sari

15   Boutique, Pet Emergency Services, it's signage, parking, access aisle, path of travel, entrance,

16   restroom, and its other facilities are each a "place of public accommodation or facility" subject to

17   the barrier removal requirements of the Americans with Disabilities Act.  On information and

18   belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

19   additions", each of which has subjected the 1048 COMMERCIAL BUILDING and its tenants

20   and each of its facilities, its signage, parking, access aisle, path of travel, entrance and restroom

21   to disability access requirements per the Americans with Disabilities Act Accessibility

22   Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

23         12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

24         13.    At all times referred to herein and continuing to the present time, defendants, and

25   each of them, advertised, publicized and held out the 1048 Commercial Building and THE

26   CHEESE STEAK SHOP as being handicapped accessible and handicapped usable.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       14.    On or about October 16, 2006 and February 22, 2007, plaintiff CRAIG YATES

2   was an invitee and guest at the subject THE CHEESE STEAK , for purposes of purchasing food

3   and beverage.

4       15.    On or about October 16, 2006, plaintiff CRAIG YATES entered the parking lot of

5   the 1048 COMMERCIAL BUILDING. The parking lot serve THE CHEESE STEAK SHOP,

6   Sari Boutique and Pet Emergency Services. Plaintiff CRAIG YATES could not find a parking

7   stall for the disabled that was usable.  There was a faded stall that was not van accessible.

8   Plaintiff CRAIG YATES had to look for street parking.

9       16.    At said time and place, plaintiff CRAIG YATES ordered food from the CHEESE

10   STEAK SHOP and had need to use the restroom.  The restroom was not accessible.  Plaintiff

11   CRAIG YATES was unable to use it. Many elements were placed to high and the partition was

12   too close to the toilet.

13       17.    On or about October 25, 2006, plaintiff CRAIG YATES wrote both the landlord

14   and tenants about the lack of access. Plaintiff CRAIG YATES received one response from THE

15   CHEESE STEAK SHOP. The letter was dated October 30, 2006 and in substance stated that

16   remedial measures would be taken shortly.

17       18.    On or about November 7, 2006, plaintiff CRAIG YATES wrote back THE

18   CHEESE STEAK SHOP confirming that the work would be done.

19       19.    On or about February 22, 2007, plaintiff CRAIG YATES returned to the 1048

20   COMMERCIAL BUILING and THE CHEESE STEAK SHOP. There still was no van

21   accessible parking, there was no marked path of travel from the parking lot to the Commercial

22   Building and there was still no signage. The door was still not operable.

23       20.    At said time and place, plaintiff CRAIG YATES attempted to enter THE

24   CHEESE STEAK SHOP.  There was an electric opening door with an actuator. It did not work.

25   Plaintiff CRAIG YATES struggled with the door having the use of only one arm, plaintiff

26   CRAIG YATES had to have someone open the door for him.

27       21.    At said time and place, plaintiff CRAIG YATES went into THE CHEESE

28   STEAK SHOP and ordered food and beverage. Plaintiff CRAIG YATES attempted to use the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  restroom but was unable to because so many elements were not properly placed and/or

2  positioned.

3      22.      Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

4  disability, encountered the following inaccessible elements of the subject 1048 COMMERCIAL

5  BUILDING and THE CHEESE STEAK SHOP which constituted architectural barriers and a

6  denial of the proper and legally-required access to a public accommodation to persons with

7  physical disabilities including, but not limited to:

8          a.      lack of disabled van accessible parking stall(s);

9          b.      lack of disabled parking signage;

10          c.      lack of tow-a-way signage;

11          d.      lack of an accessible marked path of travel from 1048 COMMERCIAL
                   BUILDING;

12
            e.      lack of a handicapped-accessible public restroom at THE CHEESE
13                  STEAK SHOP;

14          f.      lack of an accessible entrance;

15          g.      lack of 10" kick plates on doors or other compliance;

16          h.      lack of an operable door opener;

17          i.      On personal knowledge, information and belief, other public facilities and
                   elements too numerous to list were improperly inaccessible for use by
18                  persons with physical disabilities.

19      23.      At all times stated herein, the existence of architectural barriers at defendants'

20  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

21  with the Americans with Disabilities Act of 1990 either then, now or in the future.

22      24.      On or about October 25, 2006 and November 7, 2006, defendant(s) were sent

23  letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural

24  barriers, requesting a response within 14 days and requesting remedial measures be undertaken

25  within 90 days or an explanation of why the time limit set could not be met and/or extenuating

26  circumstances. (Said letters are attached hereto collectively as exhibit "A" and incorporated by

27  reference as though fully set forth herein). THE CHEESE STEAK SHOP responded on October

28  30, 2006, but no remedial measures were ever undertaken.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25. At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

26. As a legal result of defendants THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation,'s failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

27. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, on or about February 22, 2007, as a legal result of defendants negligence in the design, construction and maintenance of the existing inoperable door opening mechanism, plaintiff CRAIG YATES suffered injury to his arm when attempting to open the entry door). Plaintiff CRAIG YATES further suffered physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    testimony regarding this usual mental and emotional distress will be presented at trial in support

2    of the claim for damages.

3        28.     Defendants', and each of their, failure to remove the architectural barriers

4    complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

5    accommodation, and continues to create continuous and repeated exposure to substantially the

6    same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

7        29.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights

8    to equal access to a public facility by defendants THE CHEESE STEAK SHOP, INC., a

9    California corporation; and 1048, INC., a California corporation,, because defendants THE

10   CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California

11   corporation, [i.e., maintained a Commercial Building and Restaurant without access for persons

12   with physical disabilities to its facilities, including but not limited to the signage, parking, access

13   aisle, path of travel, entrance, restroom, and other public areas as stated herein], and continue to

14   the date of filing this complaint to deny equal access to plaintiffs and other persons with physical

15   disabilities in these and other ways.

16       30.     On information and belief, construction alterations carried out by defendants have

17   also triggered access requirements under both California law and the Americans with Disabilities

18   Act of 1990.

19       31.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the 1048

20   Commercial Building to be made accessible to meet the requirements of both California law and

21   the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

22   operate the Commercial Building and Restaurant as a public facility. Plaintiffs seek damages for

23   violation of their civil rights on October 16, 2006 and February 22, 2007 and they seek statutory

24   damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant

25   to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from

26   returning to the CHEESE STEAK SHOP because of his knowledge and belief that the premises

27   was and remains inaccessible to persons with disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       32.    On information and belief, defendants have been negligent in their affirmative

2   duty to identify the architectural barriers complained of herein and negligent in the removal of

3   some or all of said barriers.

4       33.    Because of defendants' violations, plaintiffs and other persons with physical

5   disabilities are unable to use public facilities such as those owned and operated by defendants on

6   a "full and equal" basis unless such facility is in compliance with the provisions of the

7   Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

8   *seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court

9   compelling defendants to make the 1048 COMMERCIAL BUILDING accessible to persons with

10  disabilities.

11      34.    On information and belief, defendants have intentionally undertaken to modify

12  and alter existing building(s), and have failed to make them comply with accessibility

13  requirements under the requirements of ADAAG and Title 24. The acts and omission of

14  defendants, and each of them, in failing to provide the required accessible public facilities at

15  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

16  despicable conduct carried out by defendants, and each of them, with a willful and conscious

17  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

18  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

19  profound example of defendants, and each of them, to other operators of other Commercial

20  Buildings and Restaurants and other public facilities, and to punish defendants and to carry out

21  the purposes of the Civil Code §§ 51, 51.5 and 54.

22      35.    Plaintiffs are informed and believe and therefore allege that defendants

23  THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California

24  corporation, and each of them, caused the subject building(s) which constitute the 1048

25  COMMERCIAL BUILDING to be constructed, altered and maintained in such a manner that

26  persons with physical disabilities were denied full and equal access to, within and throughout

27  said building(s) of the 1048 COMMERCIAL BUILDING and Restaurant and were denied full

28  and equal use of said public facilities. Furthermore, on information and belief, defendants have

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1  continued to maintain and operate said Commercial Building and/or its building(s) in such
2  conditions up to the present time, despite actual and constructive notice to such defendants that
3  the configuration of the 1048 COMMERCIAL BUILDING and Restaurant and/or its building(s)
4  is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG
5  YATES, the membership of plaintiff DREES and the disability community which DREES
6  serves.  Such construction, modification, ownership, operation, maintenance and practices of
7  such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code
8  §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9          36.      On personal knowledge, information and belief, the basis of defendants' actual
10  and constructive notice that the physical configuration of the facilities including, but not limited
11  to, architectural barriers constituting the 1048 COMMERCIAL BUILDING and restaurant and/or
12  building(s) was in violation of the civil rights of persons with physical disabilities, such as
13  plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff
14  CRAIG YATES himself, owners of other commercial buildings, restaurants, and businesses,
15  notices they obtained from governmental agencies upon modification, improvement, or
16  substantial repair of the subject premises and other properties owned by these defendants,
17  newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990
18  and other access laws, public service announcements by former U.S. Attorney General Janet
19  Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state
20  and federal law, to make the 1048 COMMERCIAL BUILDING and Restaurant accessible is
21  further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
22  situated persons with disabilities.  Despite being informed of such effect on plaintiff and other
23  persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
24  them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
25  and equal access for plaintiffs and other persons with physical disabilities to the 1048
26  COMMERCIAL BUILDING and Restaurant.  Said defendants, and each of them, have continued
27  such practices, in conscious disregard for the rights of plaintiffs and other persons with physical
28  disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 | further actual knowledge of the architectural barriers referred to herein by virtue of the demand

2 | letter addressed to the defendants and served concurrently with the summons and complaint.

3 | Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

4 | with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

5 | safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

6 | damages per Civil Code §§52 and 54.3.

7 |     37.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

8 | the disability community which it serves, consisting of persons with disabilities, would, could

9 | and will return to the subject public accommodation when it is made accessible to persons with

10 | disabilities.

11 | **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

12 | **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

13 | EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants

14 | THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation,, inclusive)

15 | (42 U.S.C. §12101, *et seq.*)

16 |     38.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

17 | the allegations contained in paragraphs 1 through 37 of this complaint.

18 |     39.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

19 | §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

20 | protect:

21 |        some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and

22 | segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a

23 | serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality

24 | of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing

25 | existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

26 | equal basis and to pursue those opportunities for which our free society is justifiably famous.

27 |

28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   40.   Congress stated as its purpose in passing the Americans with Disabilities Act of

2   1990 (42 U.S.C. §12102):

3           It is the purpose of this act (1) to provide a clear and
            comprehensive national mandate for the elimination of
4           discrimination against individuals with disabilities; (2) to provide
            clear, strong, consistent, enforceable standards addressing
5           discrimination against individuals with disabilities; (3) to ensure
            that the Federal government plays a central role in enforcing the
6           standards established in this act on behalf of individuals with
            disabilities; and (4) to invoke the sweep of Congressional
7           authority, including the power to enforce the 14th Amendment and
            to regulate commerce, in order to address the major areas of
8           discrimination faced day to day by people with disabilities.

9   41.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12  accommodations identified for purposes of this title was:

13          (7)   PUBLIC ACCOMMODATION - The following private
                  entities are considered public accommodations for purposes of this
14                title, if the operations of such entities affect commerce -

15                                      ...
            (B) a restaurant, bar or other establishment serving food or drink;
16
            (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales
17          or rental establishment;

18                42 U.S.C. §12181(7)(B) and (E)

19  42.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

20  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

21  privileges, advantages, or accommodations of any place of public accommodation by any person

22  who owns, leases, or leases to, or operates a place of public accommodation".

23  43.   The specific prohibitions against discrimination set forth in §302(b)(2)(a),

24  42 U.S.C. §12182(b)(2)(a) are:

25          (I)   the imposition or application of eligibility criteria
                  that screen out or tend to screen out an individual with a disability
26                or any class of individuals with disabilities from fully and equally
                  enjoying any goods, services, facilities, privileges, advantages, or
27                accommodations, unless such criteria can be shown to be necessary
                  for the provision of the goods, services, facilities, privileges,
28                advantages, or accommodations being offered;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
          (ii)    a failure to make reasonable modifications in

2
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,

3
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,

4
facilities, privileges, advantages, or accommodations;

5
          (iii)   a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied

6
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,

7
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,

8
privilege, advantage, or accommodation being offered or would
result in an undue burden;

9

10
          (iv)   a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

11

12
          (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or

13
accommodations available through alternative methods if such
methods are readily achievable.

14
The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

15
Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

16
Effective January 31, 1993, the standards of the ADA were also incorporated into California

17
Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

18
52(a) and 54.3.

19
      44.    The removal of the barriers complained of by plaintiffs as hereinabove alleged

20
was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of The

21
1048 COMMERCIAL BUILDING AND CHEESE STEAK SHOP pursuant to 42 U.S.C. §12182

22
(b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of

23
herein together was not "readily achievable," the removal of each individual barrier complained

24
of herein was "readily achievable." On information and belief, defendants' failure to remove

25
said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as

26
defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

46. On information and belief, construction work on, and modifications of, the subject building(s) of 1048 COMMERCIAL BUILDING occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

47. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

48. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about February 22, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

1  facilities readily accessible to and usable by individuals with disabilities to the extent required by

2  this title".

3      49.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

4  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

5  the Americans with Disabilities Act of 1990, including but not limited to an order granting

6  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

7  deemed to be the prevailing party.

8      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

9  II.   **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
10     (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
11     benefit corporation, and Against Defendants THE CHEESE STEAK SHOP, INC., a
       California corporation; and 1048, INC., a California corporation,, inclusive)
12     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

13     50.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 49 of this complaint.

15     51.     At all times relevant to this action, California Civil Code §54 has provided that

16  persons with physical disabilities are not to be discriminated against because of physical

17  handicap or disability. This section provides that:

18          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
19          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
20
       52.     California Civil Code §54.1 provides that persons with disabilities shall not be
21
    denied full and equal access to places of public accommodation or facilities:
22
            (a)(1) Individuals with disabilities shall be entitled to full
23          and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities,
24          including hospitals, clinics, and physicians' offices, and privileges
            of all common carriers, airplanes, motor vehicles, railroad trains,
25          motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
26          licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
27          public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      and limitations established by law, or state or federal regulation,
       and applicable alike to all persons.

2      Civil Code §54.1(a)(1)

3

4      53.    California Civil Code §54.1 further provides that a violation of the Americans

       with Disabilities Act of 1990 constitutes a violation of section 54.1:

5

6              (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336)
               also constitutes a violation of this section, and nothing in this

7              section shall be construed to limit the access of any person in
               violation of that act.

8
       Civil Code §54.1(d)

9

10     54.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

       within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

11

       the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural

12

       barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

13

       act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal

14

       access to defendants' 1048 COMMERCIAL BUILDING and Restaurant. As a legal result,

15

       plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on

16

       which they visited or have been deterred from visiting the Center and Restaurant because of their

17

       knowledge and belief that the Center and Restaurant is inaccessible to persons with disabilities.

18

       California Civil Code §54.3(a) provides:

19

20             Any person or persons, firm or corporation, who denies or
               interferes with admittance to or enjoyment of the public facilities
               as specified in Sections 54 and 54.1 or otherwise interferes with

21             the rights of an individual with a disability under Sections 54, 54.1
               and 54.2 is liable for each offense for the actual damages and any

22             amount as may be determined by a jury, or the court sitting without
               a jury, up to a maximum of three times the amount of actual

23             damages but in no case less than . . .one thousand dollars ($1,000)
               and . . . attorney's fees as may be determined by the court in

24             addition thereto, suffered by any person denied any of the rights
               provided in Sections 54, 54.1 and 54.2.

25
       Civil Code §54.3(a)

26

27     55.    On or about October 16, 2006 and February 22, 2007, plaintiff CRAIG YATES

       suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG YATES was

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  denied access to signage, parking, access aisle, path of travel, entrance, restroom and other public
2  facilities as stated herein at the Commercial Building and Restaurant and on the basis that
3  plaintiff CRAIG YATES was a person with physical disabilities.

4       56.    As a result of the denial of equal access to defendants' facilities due to the acts
5  and omissions of defendants, and each of them, in owning, operating and maintaining these
6  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not
7  limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES suffered
8  physical discomfort, bodily injury. (including, but not limited to, fatigue, stress, strain and pain in
9  wheeling and attempting to and/or transferring up, on, down, to, over, around and through
10  architectural barriers. Specifically, on or about February 22, 2007, as a legal result of defendants
11  negligence in the design, construction and maintenance of the existing entry door opener,
12  plaintiff CRAIG YATES injured his arm do to the excessive door pressure that was caused).
13  Plaintiff CRAIG YATES furthered suffered emotional distress, mental distress, mental suffering,
14  mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
15  disappointment and worry, all of which are expectedly and naturally associated with a denial of
16  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
17  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
18  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and
19  unable, because of the architectural barriers created and maintained by the defendants in violation
20  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
21  other persons.

22       57.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
23  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
24  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
25  about October 16, 2006 and February 22, 2007, and on a continuing basis since then, including
26  statutory damages, a trebling of all of actual damages, general and special damages available
27  pursuant to §54.3 of the Civil Code according to proof.

28  ///

58. As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation, inclusive) (Health & Safety Code §19955, *et seq.*)

59. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

60. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

61. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

2  public accommodations constructed or altered after that date. On information and belief,

3  portions of the 1048 COMMERCIAL BUILDING and Restaurant and/or of the building(s) were

4  constructed and/or altered after July 1, 1970, and substantial portions of the Center and/or the

5  building(s) had alterations, structural repairs, and/or additions made to such public

6  accommodations after July 1, 1970, thereby requiring said Center and/or building to be subject to

7  the requirements of Part 5.5, §19955, et seq., of the Health & Safety Code upon such alteration,

8  structural repairs or additions per Health & Safety Code §19959.

9      62.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

10  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

11  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

12  Regulations and these regulations must be complied with as to any alterations and/or

13  modifications of 1048 COMMERCIAL BUILDING, Center, and CHEESE STEAK SHOP

14  and/or the building(s) occurring after that date. Construction changes occurring prior to this date

15  but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the

16  American Standards Association Specifications, A117.1-1961. On information and belief, at the

17  time of the construction and modification of said building, all buildings and facilities covered

18  were required to conform to each of the standards and specifications described in the American

19  Standards Association Specifications and/or those contained in Title 24 of the California

20  Building Standards Code.

21      63.    Commercial Buildings and Centers such as the 1048 COMMERCIAL BUILDING

22  and Restaurant are "public accommodations or facilities" within the meaning of Health & Safety

23  Code §19955, *et seq*.

24      64.    As a result of the actions and failure to act of defendants, and as a result of the

25  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

26  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

27  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

28  access to public facilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        65.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

4  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

5  and to take such action both in plaintiffs' own interests and in order to enforce an important right

6  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

7  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

8  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

9  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

10  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

11  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

12  party.

13        66.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

14  them, to make the subject place of public accommodation readily accessible to and usable by

15  persons with disabilities.

16        Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

17  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
     EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

18  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
     SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

19  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

20  benefit corporation, and Against Defendants THE CHEESE STEAK SHOP, INC., a
     California corporation; and 1048, INC., a California corporation, inclusive)

21  (Civil Code §51, 51.5)

22        67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

23  the allegations contained in paragraphs 1 through 66 of this complaint.

24        68.    Defendants' actions and omissions and failure to act as a reasonable and prudent

25  public accommodation in identifying, removing and/or creating architectural barriers, policies,

26  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

27  Unruh Act provides:

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

2

3

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

4

5

6

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

7

8

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

9

10

11

12

13

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

14

15

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

16

"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

17

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

18

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

19

defendants, and each of them.

20

     69.    The acts and omissions of defendants stated herein are discriminatory in nature

21

and in violation of Civil Code §51.5:

22

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

23

24

25

26

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Nothing in this section shall be construed to require any
     construction, alteration, repair, structural or otherwise, or
2    modification of any sort whatsoever, beyond that construction,
     alteration, repair or modification that is otherwise required by other
3    provisions of law, to any new or existing establishment, facility,
     building, improvement, or any other structure . . . nor shall
4    anything in this section be construed to augment, restrict or alter in
     any way the authority of the State Architect to require construction,
5    alteration, repair, or modifications that the State Architect
     otherwise possesses pursuant to other laws.

6    70.    Defendants' acts and omissions as specified have denied to plaintiffs full and

7  equal accommodations, advantages, facilities, privileges and services in a business establishment,

8  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

9  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

10 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

11 Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

12 the entirety of their above cause of action for violation of the Americans with Disabilities Act at

13 §38, *et seq.*, as if repled herein.

14    71.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as

15 hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury

16 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

17 transferring up, on, down, to, over, around and through architectural barrier. Specifically, on or

18 about February 22, 2007, as a legal result of defendants negligence in the design, construction

19 and maintenance of the existing entry door opener, plaintiff CRAIG YATES injured his arm do

20 to the excessive door pressure that was caused). Plaintiff CRAIG YATES further suffered

21 emotional distress (all to plaintiff's damage according to proof, and incurred reasonable

22 attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and

23 remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of

24 the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees

25 and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **PRAYER:**

2      Plaintiffs pray that this court award damages and provide relief as follows:

3  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

5  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
    corporation, and Against Defendants THE CHEESE STEAK SHOP, INC., a California

6  corporation; and 1048, INC., a California corporation,, inclusive)
    (42 U.S.C. §12101, *et seq.*)

7
        1.    For injunctive relief, compelling defendants THE CHEESE STEAK SHOP, INC.,

8
    a California corporation; and 1048, INC., a California corporation,, inclusive, to make the 1048

9
    COMMERCIAL BUILDING and CHEESE STEAK SHOP, located at 1054 University Avenue,

10
    Berkeley, California, readily accessible to and usable by individuals with disabilities, per 42

11
    U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

12
    criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

13
    advantages and accommodations being offered.

14
        2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

15
    the prevailing party; and

16
        3.    For such other and further relief as the court may deem proper.

17
**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**

18  **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
         AND 54.3, *ET SEQ.***

19  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
    EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit

20  corporation, and Against Defendants THE CHEESE STEAK SHOP, INC., a California
    corporation; and 1048, INC., a California corporation,, inclusive)

21  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22      1.    For injunctive relief, compelling defendants THE CHEESE STEAK SHOP, INC.,

23  a California corporation; and 1048, INC., a California corporation,, inclusive, to make the 1048

24  COMMERCIAL BUILDING and CHEESE STEAK SHOP, located at 1054 University Avenue,

25  Berkeley, California, readily accessible to and usable by individuals with disabilities, per state

26  law.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2  each occasion on which plaintiffs were deterred from returning to the subject public

3  accommodation.

4    3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

5  Procedure §1021.5, if plaintiffs are deemed the prevailing party;

6    4.    Treble damages pursuant to Civil Code §54.3;

7    5.    For all costs of suit;

8    6.    Prejudgment interest pursuant to Civil Code §3291;

9    7.    Such other and further relief as the court may deem just and proper.

10  **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
11  **AND 54.3, *ET SEQ.***
        (On Behalf of Plaintiff CRAIG YATES , and Against Defendants
12  THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a
        California corporation,, inclusive),
13  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

14    1.    General and compensatory damages according to proof.

15  **IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
        SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
16  **§19955, *ET. SEQ.***
        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
17  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants
18  THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a
        California corporation,, inclusive)
19  (Health & Safety code §19955, *et seq.*)

20    1.    For injunctive relief, compelling defendants THE CHEESE STEAK SHOP, INC.,

21  a California corporation; and 1048, INC., a California corporation , inclusive, to make the 1048

22  COMMERCIAL BUILDING and CHEESE STEAK SHOP, located at 1054 University Avenue,

23  Berkeley, California, readily accessible to and usable by individuals with disabilities, per state

24  law.

25    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

26  and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

27    3.    For all costs of suit;

28    4.    For prejudgment interest pursuant to Civil Code §3291;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1     5.    Such other and further relief as the court may deem just and proper.

2  **V.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants
THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation,, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

     1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

     2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

     3.    Treble damages pursuant to Civil Code §52(a);

     4.    For all costs of suit;

     5.    Prejudgment interest pursuant to Civil Code §3291; and

     6.    Such other and further relief as the court may deem just and proper.

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: 3/15/07 , 2007        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

By: _____
                             THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and
                             DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                             SERVICES: HELPING YOU HELP OTHERS, a California public
                             benefit corporation

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 3/15/07 , 2007        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

By: _____
                             THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and
                             DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                             SERVICES: HELPING YOU HELP OTHERS, a California
                             public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# EXHIBIT A

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 25, 2006

Manager
Cheese Steak Shop
1054 University Avenue
Berkeley, CA 94710

Dear Manager:

Recently I was at the Cheese Steak Shop. You probably know how bad parking is. If you can't
park you can't come in to the restaurant. Anyway, I use a wheelchair and have a van. I couldn't
park in the lot because there is no van accessible parking. If you have a van you need a place to
lower the lift on the right side of the vehicle. So you need two spaces. One for the van and the
other for the lift. It's called an access aisle.

The restroom didn't seem quite right with those wing walls. Could you look into the restroom?
The big thing is providing parking for the disabled.

I would really appreciate it if you would give me written assurance within the next two weeks
that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like
to come back to Cheese Steak Shop once it's accessible to me. I may still come back before you
do the work just because I like the place. If there is some problem doing this please let me know.
Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to
do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and
Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046.
You can also get a hold of them at 1-800-949-4232 or (510) 285-5600. You can also get ADA
Regulations and Technical Assistance Materials by calling 1-800-514-0301. Either of them can
send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that
you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for
barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

October 25, 2006

Owner of Building for Cheese Steak Shop
Cheese Steak Shop
1054 University Avenue
Berkeley, CA 94710

Dear Owner of Building for Cheese Steak Shop:

Recently I was at the Cheese Steak Shop. You probably know how bad parking is. If you can't park you can't come in to the restaurant. Anyway, I use a wheelchair and have a van. I couldn't park in the lot because there is no van accessible parking. If you have a van you need a place to lower the lift on the right side of the vehicle. So you need two spaces. One for the van and the other for the lift. It's called an access aisle.

The restroom didn't seem quite right with those wing walls. Could you look into the restroom? The big thing is providing parking for the disabled.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Cheese Steak Shop once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 or (510) 285-5600. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Rd., Unit 3
San Rafael, CA 94903

November 7, 2006

Keith Layton, President
Cheese Steak
734 Alfred Nobel Dr.
Hercules, CA 94547


Dear Mr. Layton:

Thank you for your letter of 10/30/06.  As long as everything is ADAAG compliant, I'm
satisfied.  The access aisle have to be on the right side of the vehicle.  I gave you the contacts for
information for you to make sure everything is right.  So, I will assume you are taking care of it.

I broke my arm, so I won't be signing this letter.


Sincerely,


Craig Yates

AO 440 (Rev. 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES:HELPING
YOU HELP OTHERS, a California public benefit
corporation, 

 SUMMONS IN A CIVIL CASE

CASE NUMBER: _____

V.

THE CHEESE STEAK SHOP, INC., a California
corporation; and 1048, INC., a California corporation,



TO:

**PJH**

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service

# RICHARD W. WIEKING

MAR 1 9 2007

_____
CLERK

_____
DATE

MARY ANN BUCKLEY

_____
(BY) DEPUTY CLERK

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11  CRAIG YATES, an individual; and        ) **CASE NO.**
    DISABILITY RIGHTS, ENFORCEMENT, )        **Civil Rights**
12  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
13  corporation,                            )  **AND DAMAGES:**
                                            )
14          Plaintiffs,                     )  **1st CAUSE OF ACTION:** For Denial of Access
                                            )  by a Public Accommodation in Violation of the
15  v.                                      )  Americans with Disabilities Act of 1990 (42
                                            )  U.S.C. §12101, *et seq.*)
16  THE CHEESE STEAK SHOP, INC., a          )
    California corporation; and 1048, INC., a )  **2nd CAUSE OF ACTION:** For Denial of Full
17  California corporation,                 )  and Equal Access in Violation of California
                                            )  Civil Code §§54, 54.1 and 54.3
18          Defendants.                     )
   _____ )  **3rd CAUSE OF ACTION:** For Denial of
19                                             Accessible Sanitary Facilities in Violation of
                                               California Health & Safety Code §19955, *et seq.*
20
                                               **4th CAUSE OF ACTION:** For Denial of
21                                             Access to Full and Equal Accommodations,
                                               Advantages, Facilities, Privileges and/or
22                                             Services in Violation of California Civil Code
                                               §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                             **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

## SERVICE LIST

## CRAIG YATES v. CHEESE STEAK SHOP/1048 COMMERCIAL BUILDING
Case No.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

Keith B. Layton, Agent
The Cheese Steak Shop, Inc.
734 Alfred Nobel Drive
Hercules, CA 94547

Lloyd A. Freitas, Agent
1048, Inc.
4231 International Blvd.
Oakland, CA 94601

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,

## DEFENDANTS

THE CHEESE STEAK SHOP, INC., a California corporation; and 1048, INC., a California corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.
Alameda County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109 (415) 674-8600

ATTORNEYS (IF KNOWN)

Unknown

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IF ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

☒ Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7909 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 990 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C P 23

DEMAND $_____ ☐ CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY) ☐ SAN FRANCISCO/OAKLAND ☒ SAN JOSE

DATE 3/15/07 SIGNATURE OF ATTORNEY OF RECORD